IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KARLA DORCH,  )
  )
        Plaintiff,  )
  )
        v.  )   No. 12-1343-SSA-CV-W-MJW
  )
CAROLYN W. COLVIN,  )
Acting Commissioner,  )
Social Security Administration,  )
  )
        Defendant.  )

## ORDER

Plaintiff Karla Dorch seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on September 17, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff Karla Dorch was born October 8, 1960. Plaintiff has a high school education and has past relevant work as a cashier, a school bus driver, and an emergency medical technician. Plaintiff alleges disability due to fibromyalgia, migraines, high blood pressure, and swelling in her legs, arms and hands.

The Administrative Law Judge (ALJ) determined that Plaintiff had the following severe impairments: fibromyalgia, obesity, asthma, mild depression and an anxiety disorder. The ALJ further determined that neither Plaintiff's impairments nor combination of impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined Plaintiff had the residual functional capacity (RFC) to do a reduced range

of light work to accommodate for her impairments. Based on this RFC and the testimony of a vocational expert, the ALJ determined Plaintiff is capable of work that exists in significant numbers in the national economy. Specifically, the vocational expert testified that Plaintiff would be able to perform the requirements for representative occupations such as retail marketer, electronic sub-assembler, and small parts assembler. Based on this evidence, the ALJ determined Plaintiff is not disabled.

Plaintiff argues the ALJ erred in (1) failing to properly consider Plaintiff's severe impairments when assessing her limitations and failed to properly develop the record before announcing the RFC, and (2) improperly discrediting Plaintiff's credibility.

The Commissioner argues the ALJ properly assessed Plaintiff's credibility, and that the ALJ's RFC assessment is based on substantial evidence. The Commissioner argues there is substantial evidence in the record as a whole to support the decision of the ALJ.

Upon review, this Court finds the ALJ did not err in determining Plaintiff's credibility. The ALJ gave valid reasons for discrediting Plaintiff's credibility. See Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008) (credibility findings are for the ALJ in the first instance, and when the ALJ explicitly discredits claimant and gives good reasons for doing so, her judgment is entitled to deference).

However, the ALJ's determination of Plaintiff's RFC is in error. The ALJ failed to properly consider Plaintiff's obesity in determining her RFC. See SSR 02-1P (evaluation of obesity). Specifically, the ALJ failed to discuss what effect Plaintiff's obesity had on her work abilities. Without further explanation by the ALJ in the RFC analysis, this Court is unable to determine if the ALJ took Plaintiff's obesity into consideration, and what, if any, physical or mental limitations the ALJ determined were imposed by this severe impairment, in and of itself, and in combination with Plaintiff's other impairments. See Dameron v. Astrue, 2009 WL 1912520 (W.D. Mo. 2009) (discussing consideration required at RFC stage regarding severe impairment of obesity). Accordingly, there is not substantial evidence in the record to support the ALJ's RFC determination.

## Conclusion

The administrative record is not sufficiently developed to make a determination of Plaintiff's disability. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of

when the Commissioner has failed to develop the record is made on a case-by-case basis).  This case is, therefore, remanded for further development of the record as set forth herein.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded, pursuant to sentence four, 42 U.S.C. § 405(g), for further consideration and development of the record.

Dated this 27th day of September, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge